## KIRKPATRICK VS. STEWART.

No greater strictness is required in declarations for a penalty given by statute, than in a proceeding to recover it by indictment, and it is sufficient if the charge be in the language of the act creating the penalty declared for, or in words of equivalent import.

In an action of debt, under *sec.* 28, *ch.* 61, *Dig.*, against a judge of elections, for the penalty prescribed for neglect of duty and misbehavior in office, in appointing, as clerk of the election, a minor under twenty-one years of age, it is sufficient to charge that he did so, *knowingly, wilfully, wrongfully, and contrary to the form of the statute in such case made and provided*, without alleging that he acted *corruptly and maliciously*:

So, for taking out the ballots and counting the same, before the polls were closed and the poll books signed, it is sufficient to charge that he did so *intentionally, knowingly and contrary to the form of the statute in such case made and provided*, without averring that he acted *corruptly and maliciously*:

So, for permitting an elector to vote twice, it is sufficient to charge that he did so *intentionally, wrongfully and from motives of partiality, contrary, &c.*, without averring the name of the person for whom the elector voted.

### *Writ of Error to Ashley Circuit Court.*

Hon. THEODORIC F. SORRELLS, Circuit Judge.

GARLAND, for the plaintiff.

The statute allows an action in the nature of a *qui tam* to be brought by any one, against the judges of an election, for acting *corruptly, neglecting to perform duties, misbehaviour, etc.*, and is not confined to corruption.  See, *sec.* 28, *Dig.*, *p.* 463: see also, secs. 6, 40, 41, 27, 28, for violations of law charged in the several counts.

The averment of corruption seems to be required only in actions brought by a party whose vote has been refused by the judges. *Jenkins et al. vs. Waldron*, 11 *John.* 114, *and cases cited.*

WADDELL, for the defendant.

*As to the first count:* That to determine whether a person possesses the legal qualification of an elector, is a judicial act when done by the judge of an election in the discharge of his official duty—and as such he was not, before the enactment of the 28th section of the election law, liable to be sued for an erroneous decision unless a corrupt or malicious motive was averred. *Rail vs. Potter & Baker*, 8 *Humph.* 225; *Jenkins et al. vs. Waldron*, 11 *John.* 113. In fact it was doubtful whether even with the averment of a corrupt motive, such an action would lie. 1 *Chit. Pl.* 78; 10 *Humph.* 409. That said 28th section will not be construed to innovate on this rule, further than the words of the section clearly warrant, or the circumstances of the case warranted. 1 *Kent* 464. That judging from the words of the section dereliction of mere ministerial duties, or actual mala fides was alone intended to be punished. *Dig. p.* 465; nor can a more severe interpretation be justified by the object for which the law was enacted.

*As to the second count:* That the opening of the ballot box, and counting the ballots before closing the polls involved the determination of the question of law whether section 41, (see *secs.* 33, 40, 41,) is only directory or not, and so was entitled to immunity as a judicial act.

*As to the third count:* That it is not sufficiently specific in this, that it does not show whom Denson voted twice for—*secondly,* want of the averment *prout patet per recordum,* as to which see secs. 18, 16, 19, of said chapter; also 39, 40, 42, 47, 48, 49, and 1 *Chitt. Pl.* 371 *and note u, and* 559.

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of debt by the plaintiff against the defendant brought in the Ashley Circuit Court to recover the penalty allowed by *sec.* 28, *chap.* 61 *Digest, p.* 463.

There are three counts in the declaration, in substance as follows:

1. That the defendant, in conjunction with the other two judges of election—not sued—" did *knowingly, wilfully, wrong-fully, and contrary to the form of the statute in such case made and provided*, co-operate in and assent to the appointment of, and did then and there appoint and select one Samuel W. Sparks, who was then and there a minor under the age of 21 years, and so not having the qualifications of an elector in said county and State, to act as one of the clerks in said election," etc.

2. That the defendant, in conjunction with the other two judges—not sued—" did *intentially, knowingly and contrary to the form of the statute in such case made and provided*, before the closing of the polls and before the poll books were signed by the clerks; open the ballot box, take out the ballots or tickets therein contained and count the same, thereby ascertaining the number of votes cast for each person voted for respectively," etc.

3d. That the defendant " did *intentionally, wrongfully and from motives of partiality*, contrary to the form of the statute in such case made and provided, then and there permit one Samuel Denson, one of the electors in said township to vote twice, and the said Denson did so vote," etc.

The defendant interposed a demurrer to each count, assigning special grounds or causes in each. The demurrers to the three counts were severally sustained; the plaintiff not answering over, final judgment was rendered for the defendant, and the plaintiff brought error.

The assignment questions the propriety of the judgment of the Court below in respect to the several demurrers to each of the counts. We will notice the demurrers in the order in which they apply to the several counts.

1. The statute upon which the action is founded, is as follows:

" If any judge or clerk of any election, or any other person concerned in the conducting of any election, shall neglect, improperly delay, or refuse to perform any of the duties required

by this act, having undertaken so to do, or shall knowingly admit any person to vote, not qualified according to law, or shall be guilty of corruption, partiality, or manifest misbehavior in any matter or thing appertaining to such election, or shall unduly attempt to influence the election, or shall knowingly receive any improper vote, he shall forfeit and pay the sum of two hundred dollars, to be recovered by indictment, or by an action of debt in the name of the person who may sue for the same." See *Dig., ub. sup.*

The ground assumed in the demurrer to this count is, that it avers, as a cause of action against the defendant, an act done by him in a judicial capacity, without charging that he acted *corruptly* or *maliciously*, or in other language tantamount thereto.

We apprehend there is nothing substantial in this objection. All that the law requires in such case is, that the charge against the defendant should be in the language of the act creating the penalty declared for, or else in words of equivalent import. More strictness is not certainly required in declarations for a penalty than if the proceeding to recover it had been, or were by indictment. This Court has decided, over and again, that in indictments for offences created by statute, all that is required, in ordinary cases, is, that the offence should be charged or described in the language of the statute creating it. See *Medlock vs. The State*, 18 *Ark. R*. 368, *and authorities cited*.

Let us apply the rule just stated to the case before us. It is averred in this count, that the defendant " did, *knowingly, wilfully, wrongfully, and contrary to the form* of the statute," etc., do the act complained of. The language of the act authorizing the remedy, is, " if any judge shall neglect any duty, or be guilty of manifest misbehavior," etc. It was the duty of the defendant and his associates, to have appointed only such persons clerks of the election as are competent electors. The gravamen of the charge in the declaration is, that he failed to do this, *knowingly, wilfully, wrongfully, and contrary to the form of the statute*. We apprehend there can be no doubt but that

the declaration charges the act complained of, in as comprehensive language as was necessary under the statute. There is not the slightest doubt, therefore, but that the demurrer to the first count should have been overruled.

2. To this count two grounds of demurrer are assigned. 1st. That it avers as a cause of action against the defendant, an act done by him involving the determination of a judicial question, without averring that he acted *corruptly* or *maliciously*, or any averment tantamount thereto. 2. That no penalty is given by law for doing the act complained of.

It is provided by section 33 of the act from which the above extract was taken, and which creates the penalty declared for, and prescribes the remedy pursued in this case, that " it shall be the duty of the judges of the election, or any one of them, immediately on opening the polls, to open the ballot box in the presence of the people there assembled, and turn it upside down, so as to empty it of every thing it may contain, and then lock it, and it shall not be re-opened until for the purpose of counting the ballots therein." See *Digest, sec.* 33, *chap.* 61, *p.* 464.

It is charged in this count that the defendant " *intentionally, wrongfully, and contrary to the statute,*" opened the ballot box and counted the ballots therein before the polls were closed, and the poll-books properly certified under the statute. (See *Dig., secs.* 40, 41, *chap.* 61, *p.* 465.) This language is also as comprehensive as that employed in the statute. The phrase "*manifest misbehavior,*" in the statute, is the one including or authorizing the charge in the declaration contained in this count, and we know of no stronger language in which " manifest misbehavior" on the part of a judge of an election, could be expressed, than to say, that he acted in the premises, " *intentionally, wrongfully, and contrary to the statute.*" We therefore hold that the demurrer to this count should have been overruled on the first ground assigned.

As to the second ground, there can be no question. The

statute prohibits sundry acts on the part of judges of the election, and enjoins upon them the performance of sundry duties. The penalty prescribed is recoverable for the performance of any one of the acts prohibited, as well as for the non-performance of any one of the acts enjoined. The act averred to have been committed by the defendant in this count, is one of that class prohibited by the statute. It falls under the general prohibition of "*manifest misbehavior*," for to misbehave, according to lexicographers, is to *behave improperly*. It is, manifestly, improper behavior on the part of a judge of an election, to open the ballot box and count the ballots before the polls are closed, and the books are certified, because the law inhibits it. We are clear, therefore, that the demurrer to this count should have, also, been overruled on this ground.

3. The ground of demurrer to this count is, because it is assumed it does not inform the defendant for what person or persons Denson was permitted to vote twice. This objection we can regard but as utterly frivolous. The defendant is certainly informed with technical precision of every fact necessary to acquaint him with the precise act complained of, as having been "intentionally, wrongfully, and from motives of partiality" committed by him against the form of the statute. To have made the charge more specific could have served the defendant no useful end, whilst it might have embarrassed the plaintiff in his recovery, by augmenting the proof to correspond with the allegations. Judges of elections are prohibited, by the statute, to allow electors to vote twice, that is, twice for the same office, or twice for the same candidate; and the style of the office, or the name of the candidate twice voted for, does not enter into the description of the act prohibited, as a necessary ingredient. The demurrer to the third count should, therefore, have been overruled.

We have thus considered and disposed of the errors assigned; and in doing so, have held that the Court below should have overruled the demurrer as applicable to each count. Not having done so, the judgment of the Ashley Circuit Court in this

behalf is reversed, and the cause remanded with instructions to that Court to overrule the demurrer as to all the counts, and that defendant have leave to plead over in bar, if he so desires.

Absent, Mr. Justice SCOTT.