## Case No. 1,887.

### BRISCOE v. HINMAN.

[1 Deady, 588;[3] 10 Int. Rev. Rec. 53; 1 Chi. Leg. News. 377.]

District Court, D. Oregon. June 25, 1869.

QUI TAM AND PENAL ACTIONS — UNLICENSED STEAMBOAT — ACTION AGAINST COLLECTOR — REQUISITES OF COMPLAINT.

1. In an action for a penalty given by statute the complaint must state that the act or omission by which it was incurred was done or omitted contrary to the statute.

[Distinguished in The Idaho, 29 Fed. 189. Cited in Fish v. Manning, 31 Fed. 341.]

[See Cloud v. Hewitt, Case No. 2,904; The Betsy, Id. 1,365; Barney v. Washington, Id. 1,033; Cross v. U. S., Id. 3,434.]

2. In an action for a penalty by a private person the complaint must allege the right of the plaintiff to sue therefor.

3. In an action against a collector of customs for the penalty given by section 24 of the

[1] [Reprinted by permission.]

[2] [The United States circuit court for the District of Columbia was abolished by Act March 3, 1863, and its jurisdiction conferred upon the supreme court of the district. The statute further provided that any one of the justices of such court "may hold a district court of the United States for the District of Columbia, in the same manner and with the same powers and jurisdiction possessed and exercised by other district courts of the United States." 12 Stat. 763, § 3.]

[3] [Reported by Hon. Matthew P. Deady, District Judge.]

steamboat act of 1852 (10 Stat. 71), it must appear from the complaint, with reasonable certainty as to time and place, that the vessel was engaged in carrying passengers while navigating the waters of the United States.

4. The allegations that a vessel was engaged in carrying passengers between January 1 and May 1, 1868, and that on certain trips such vessel carried goods or passengers, are bad for uncertainty.

[At law. Action by John Briscoe against Alanson Hinman to recover a penalty incurred under section 24 of the steamboat act of 1852 (10 Stat. 71). Defendant's demurrer to the complaint sustained.]

John H. Reed, for plaintiff.
Erasmus D. Shattuck, for defendant.

DEADY, District Judge. This action is brought to recover of the defendant, as collector of customs for the district of Oregon, fifteen penalties of $100 each.

The complaint alleges, that between January 1 and May 1, 1868, a steamboat "called the Ranier," of about —— tons burden, was engaged in navigating the waters of the Columbia river, within said district, and in carrying passengers and freight therein. That between the dates aforesaid and on certain dates named therein, said steamboat arrived and departed from and made trips upon said Columbia river, within said district, from and to certain places named therein—in all fifteen in number. That at the several times above mentioned, the Ranier transported goods, wares and merchandise, or passengers, on said Columbia river, and that on neither of said days, nor at any time between the dates aforesaid, had the Ranier any certificate or license as by law required; "and that the defendant, collector of customs as aforesaid, has negligently or intentionally omitted to enforce the provisions of law against said steamboat for each and every violation thereof as aforesaid; wherefore the plaintiff demands judgment against defendant for the sum of $100 for each omission of the duty of said defendant as above mentioned," etc.

The defendant demurs to the complaint, because it does not state facts sufficient to constitute a cause of action, for that: 1. It does not appear therefrom, what, if any, statute of the United States was violated by the Ranier. 2. It does not appear therefrom that the defendant did or omitted any act contrary to any statute of the United States, whereby any penalty was incurred. 3. It does not appear therefrom that the plaintiff has any right or capacity to sue the defendant. 4. Said complaint misjoins acts of said steamboat, some in carrying passengers and some in carrying freight. 5. The allegations therein are in the alternative and do not show precisely what charge is intended to be made.

On June 18, the demurrer was argued by counsel and the cause continued for consideration until to-day. The first and second

causes of demurrer raise similar questions. In these respects the demurrer is well taken. This is an action for penalties given by statute and the complaint must not only state the acts of omission or commission by which they are claimed to have been incurred, but also that they were omitted or done contrary to the form of the statute in such cases made and provided. Peabody v. Hayt, 10 Mass. 39; Brightly, Fed. Dig. 638. ·The third cause of demurrer is also well taken. Upon this point the complaint is insufficient. It should allege not only the forfeiture, but that by force of the statute, etc., an action hath accrued to the plaintiff to have and demand of the defendant the penalty forfeited. A penalty incurred under section 2 of the steamboat act of July 7, 1838 [5 Stat. 304], is forfeited to the United States, with the qualification that one half of it shall be recovered for the use of the informer. For this penalty only the United States can sue. Matthews v. Offley [Case No. 9,290]. But a penalty incurred under the act of August 30, 1852, by virtue of section 66 [41 (10 Stat. 75)] thereof, may be recovered by any person who will sue for it.

Before considering the fourth and fifth causes of demurrer, it will be necessary to state substantially the provisions of the act of 1838 and 1852, relating to the forfeiture and recovery of these penalties. Section 2 of the former act prohibits the transportation of goods or passengers upon navigable waters of the United States in steamboats, without first obtaining a license from the collector and complying with the conditions of that act; and imposes a penalty of $500 upon the owner for each violation of this provision, which penalty may also be enforced against the vessel. By section 1, of the latter act, it is provided that no license or other paper shall be granted to any steamboat carrying passengers, until the provisions of that act are fully complied with; and if any such vessel shall be navigated with passengers on board without such compliance, the owners and vessel itself shall be subject to the penalties provided in section 2 of the act of 1838, to wit: $500 for each time she is so navigated with passengers on board. Section 24 of same act, declares it to be the duty of collectors of customs "to enforce the provisions of law" against all such steamers arriving and departing; and provides that if such collector negligently or intentionally omit his duty in this particular, he shall be removed from office and be subject to a penalty of $100 for each offence, to be sued for in an action of debt.

Navigating the waters of the Columbia without a license, was not a violation of either act, unless passengers or freight were actually carried or transported on the boat. The allegation of the complaint as to the Ranier's being "engaged in navigating the waters of the Columbia river" between January 1 and May 1, 1868, may be laid out of view; while the allegation that she was engaged in "carrying passengers and freight" between the same dates, is not sufficiently certain and specific as to time and place. The allegation that the Ranier, on the fifteen trips above mentioned, transported goods, wares and merchandise, or passengers, is also insufficient for uncertainty. The statement being in the alternative is not an absolute averment that she carried either. So also, the allegation that the collector negligently or intentionally omitted to enforce the provisions of law against the Ranier.

The demurrer is allowed.

The plaintiff on application had leave to file an amended complaint within twenty days, upon the payment of $10 costs to the adverse party or his attorney.

[NOTE. For proceedings by the United States against the Ranier, see The Ranier, Case No. 11,565.]