ADAM ROUTSONG, Defendant in Error, *v.* PACIFIC RAILROAD, Plaintiff in Error.

1. *Practice, civil — Instructions — Evidence not weighed by Supreme Court.*— In trials at law, this court will not attempt to weigh evidence. But when there is a complete failure of evidence this court will intervene to prevent injustice being done.

2. *Practice, civil — Bill of exceptions should state that it contains all the evidence.*— A bill of exceptions is defective in not stating that it contains all the evidence which was given in the cause.

*Error to First District Court.*

*King Brothers*, for plaintiff in error.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff commenced his action in the Cole County Circuit Court, claiming a balance of four hundred and forty-one dollars and fifty cents, on account of a certain lot of cord-wood contracted for, sold, and delivered by him to the defendant. The answer denies all the material averments of the petition.

The case was tried before a jury, and the plaintiff had a verdict and judgment in the Circuit Court, which judgment was affirmed in the District Court.

It is contended here on behalf of the plaintiff in error that the evidence fails to support the verdict, and also that there is an entire want of evidence. It is unnecessary to repeat that it is the long established and well settled doctrine of this court that we will not undertake to weigh the evidence or interfere with the verdict of juries if the court has not erred in instructing them. Where there is a total and complete failure of evidence, this court will intervene to prevent injustice being done. The chief complaint is that the court erred in refusing the fourth instruction asked by the defendant, to the effect that, under the pleadings and evidence in the case, the plaintiff could not recover. To authorize or render permissible such an instruction, the evidence must not merely be weak, but in fact there must be no evidence. Upon an examination of the record, I can not say that there was no evidence conducing to prove the issue tendered by the plaintiff, though I think it was slight. From the fact that the plaintiff's wood was placed alongside of the road with his name upon it, and that defendant's agent measured the wood, and the road used it, the jury might have inferred or deduced a contract. It was not necessary to prove an express contract. It might be implied from facts and circumstances. It is true, there was also evidence tending to show that the wood was furnished to another party from whom the road purchased. But it was at least a question of fact for the jury to determine, and not within the province of the court to decide.

The other instructions given for both plaintiff and defendant were wholly unexceptionable, and placed the law fairly and clearly before the jury. The bill of exceptions is defective in not stating that it contains all the evidence that was given in the cause. This being the case, and as every necessary presumption will be indulged in favor of the judgment of the court below, we will affirm the judgment. There is an exception taken to the action of the court in admitting testimony, but the objectionable parts were principally ruled out by an instruction, and the remainder we do not think could have injuriously affected the defendant.

Upon the whole case we see nothing authorizing us to interfere with the verdict, and are of the opinion that the judgment should be affirmed. The other judges concur.