Platt *v.* Jones.

AMMON PLATT and another, surviving partner, *vs.* RETIAH D. JONES.

*Case—knowingly aiding a debtor in securing his property from creditors. Pleading. Demurrer.*

In an action on the case under R. S. c. 113, § 51, for knowingly aiding a debtor in a fraudulent transfer of his property after averring that the plaintiffs had, prior to Jan. 23, 1869, sold and delivered to a certain vendee named, divers goods, wares, and merchandise, in payment of which the vendee drew two orders, of the dates, on the persons, and for the several amounts respectively named payable to the order of himself at the several times named, and by him indorsed to the plaintiffs,—the declaration then alleged that on the 23d day of January, 1869, "said sums of money, as mentioned in said orders, were due the plaintiffs, and unpaid from the said" vendee, "which said sums and interest still remain justly due and unpaid to the said plaintiffs," *Held,* to be a sufficiently distinct affirmative averment of the existence of the relation of creditor and debtor between the plaintiffs and their vendee.

In such case it is not necessary to allege in addition the facts necessary to fix the liability of the drawer on the orders to the plaintiffs.

The declaration must allege with certainty the time when the fraudulent transfer was made; an allegation that it was done "on or about" a day certain, is not sufficient.

In such an action a count setting out the fraudulent transfer of several pieces of property, and at various times, but all pertaining to one demand, is not bad for duplicity.

When the kind of property alleged to have been fraudulently transferred is stated, so that it may be seen whether or not it is liable to seizure on execution, and it is alleged to be the property of the debtor, the allegation is sufficient in this respect and will be sustained by proof that it was liable to be taken for his debts by the proper process.

Thus, an allegation that the defendant knowingly aided the debtor in a fraudulent sale to the former, of certain property then belonging to the debtor, to secure it from his creditors and prevent its attachment, or seizure on execution, by receiving from the said debtor and his wife a conveyance of certain real estate described, of a certain value; or of certain other property then belonging to the said debtor, by receiving from his wife a conveyance of a certain brick-mill building, situated on land bonded to the debtor's wife by a third person named, of the value named; or of certain other property, then belonging to the said debtor, by receiving from a third person named a conveyance of certain real estate, described, is a sufficient allegation of title in the debtor so that the same may be seized by the proper process.

In case, by surviving partners, for aiding a debtor in a fraudulent conveyance of his property, the objection that the declaration does not allege that the plaintiffs have given the bond provided by R. S. c. 69, §§ 1 and 2, cannot be raised by demurrer.

In such an action the representative of the deceased copartner need not be joined.

ON EXCEPTIONS

CASE by Ammon Platt and Peter O. Strong, surviving partners of the late firm of George W. Ryley & Co., the said George W. Ryley being deceased.

"For that the said plaintiffs aver that they the said plaintiffs, and the said George W. Ryley, who was then alive, but since deceased, and whom the plaintiffs have survived, had prior to the twenty-third day of January, in the year of our Lord one thousand eight hundred and sixty-nine, sold and delivered to one James F. Hirst, of said Webster, at his request, divers goods, wares, and merchandise, of them the said plaintiffs, and the said George W. Ryley since deceased as aforesaid, in payment of which the said Hirst drew two certain orders of the following purport, viz., one as follows: "Boston, Feb. 9, 1865. Sixty days after date, pay to the order of myself, nineteen hundred and forty and $\frac{77}{100}$ dollars, value received, and charge the same to account of James F. Hirst. To Messrs. H. J. Libby & Co., Portland, Maine." The other as follows: "Boston, Feb. 9, 1865. Four months after date, pay to the order of myself, nine thousand eight hundred eighty-six and $\frac{77}{100}$ dollars, value received, and charge the same to the account of James F. Hirst. To Messrs. H. J. Libby & Co., Portland, Maine." And thereafterwards, on the same day, said Hirst indorsed and delivered said orders to the said plaintiffs and said Ryley. And the plaintiffs aver that on the said twenty-third day of January, A. D. 1869, said sums of money, as mentioned in said orders, were due the said plaintiffs and unpaid, in all amounting to the sum of eleven thousand eight hundred and twenty-seven dollars and fifty-five cents, with interest on said sums, respectively, from April 13, A. D. 1865, and June 12, A. D. 1865, from the said James F. Hirst, which said

sums and interest still remain justly due and unpaid to the said plaintiff surviving partners as aforesaid.

"And the said plaintiffs aver that the said Retiah D. Jones, contriving to wrong and defraud the creditors of the said Hirst, and especially the said plaintiff surviving partners as aforesaid, did, on or about the twenty-third day of January, A. D. 1869, at said Webster, to wit, at said Auburn, knowingly aid and assist said James F. Hirst, in a fraudulent sale and transfer to him, the said Retiah D. Jones, of certain property then belonging to said James F. Hirst, to secure the same from the creditors of said James F. Hirst, and prevent its attachment or seizure on execution by receiving from said James F. Hirst, a sale, conveyance, and transfer of said property so belonging to said James F. Hirst, to wit, two pairs of steers, four years old, one white cow, one red cow, with star in face, one red and white cow, one red cow with white face, one dark red cow, two heifers, two years old, one yearling, one red three year old heifer, with star in face, ten sheep, all of which property was of great value, to wit, the sum of five hundred eight-five dollars.

"And the plaintiffs further aver, that on or about the sixteenth day of February, A. D. 1869, at said Webster, to wit, at said Auburn, the said Retiah D. Jones contriving to wrong and defraud the creditors of said Hirst, and especially the said plaintiff surviving partners as aforesaid, did knowingly aid and assist said James F. Hirst in a fraudulent sale and transfer to him, the said Retiah D. Jones, of certain property then belonging to said James F. Hirst, to secure the same from the creditors of said Hirst, and prevent its attachment or seizure on execution, by receiving from said James F. Hirst and Ruth E. Hirst, wife of said James F. Hirst, a certain sale, conveyance, and transfer to said property so belonging to said James F. Hirst, being a certain piece or parcel of land situated in said Webster, and the same then and now occupied by said James F. Hirst, and the same described in a certain deed from said James F. Hirst and Ruth E. Hirst, to said Retiah D. Jones, dated Feb. 16, 1869, and recorded in the Androscoggin Registry of Deeds,

book 57, p. 228, all of which real estate was of great value, to wit, the sum of twenty-five hundred dollars.

" And the plaintiffs further aver, that the said Retiah D. Jones, contriving to wrong and defraud the creditors of said James F. Hirst, and especially the said plaintiff surviving partners as aforesaid, did, on or about the second day of August, A. D. 1869, at said Webster, to wit, at said Auburn, knowingly aid and assist said James F. Hirst in a fraudulent sale and transfer to him, the said Jones, of certain property then belonging to said James F. Hirst, to secure the same from the creditors of said James F. Hirst, and prevent its attachment or seizure on execution, by receiving from said Ruth E. Hirst, a sale, conveyance, and transfer of said property so belonging to said James F. Hirst, to wit, a certain brick mill building, situated in said Webster, on land bonded to said Ruth E. Hirst, by John Lombard, Thomas J. Foss, and S. L. Hill, Feb. 15, A. D. 1869, which said bond is recorded in the Androscoggin Registry of Deeds, book 56, p. 343, all of which property was of great value, to wit, the sum of six thousand dollars.

" And the plaintiffs further aver, that the said Retiah D. Jones, contriving to wrong and defraud the creditors of the said James F. Hirst, and especially the said plaintiff surviving partners as aforesaid, did, on or about the fourteenth day of April, A. D. 1869, at said Webster, to wit, at said Auburn, knowingly aid and assist said James F. Hirst in a fraudulent sale and transfer to him, the said Retiah D. Jones, of certain property then belonging to said James F. Hirst, to secure the same from the creditors of said James F. Hirst, and prevent its attachment or seizure on execution, by receiving from one Stetson L. Hill, a sale conveyance, and transfer of certain real estate then belonging to said James F. Hirst, to wit, a certain parcel of real estate situated in said Webster, and known as the Tobias Weymouth farm, all of which property was of great value, to wit, the sum of two thousand dollars.

" And the plaintiffs aver, that the said several parcels of property, so fraudulently conveyed, sold, and transferred were in the whole of great value, to wit, the sum of eleven thousand and eighty-five

dollars; and the plaintiffs further aver, that the said defendant thereupon fraudulently took said property into his possession and control, claiming the same by virtue of said several fraudulent sales, conveyances, and transfers, whereby the said plaintiffs were prevented from attaching said several parcels of property or seizing the same on execution.

"So that the said defendant defrauded the said plaintiffs contrary to the form of the statute in such cases made and provided; whereby and by force of the said statute an action hath accrued to the said plaintiffs to have and recover of the said defendants double the amount of the said property so fraudulently sold, conveyed, and transferred, not exceeding double the amount of said plaintiffs' claim."

To the foregoing declaration the defendant filed a special demurrer showing the following causes:

1. Because the declaration does not set out affirmatively that said James F. Hirst was indebted to the plaintiffs upon the bills of exchange therein referred to or otherwise, at the dates of the alleged fraudulent sales, and transfers therein mentioned.

2. Because said declaration does not allege that said bills of exchange, or either of them, were presented to the drawers for acceptance or payment, or that said bills of exchange or either of them were duly presented for non-acceptance or non-payment, or that the same were not paid by the drawees, or that, if not paid by the drawers, any proper steps were taken by the holders thereof to have the said James F. Hirst charged either as drawer or indorser thereof.

3. Because said declaration contains but one count, and the said count embraces allegations or averments of several distinct, independent causes of action, to wit, the first, second, third, and fourth alleged fraudulent sales, conveyances, and transfers therein named, each being entirely separate from, and disconnected with either of the other alleged causes of action, and said declaration is, therefore, bad for duplicity.

4. Because the second alleged fraudulent sale, conveyance, and

Platt v. Jones.

transfer named in said declaration is not alleged to have been from James F. Hirst alone, but from James F. Hirst and Ruth E. Hirst, jointly, to said Jones, and because it is not alleged that James F. Hirst and Ruth E. Hirst were jointly indebted to the plaintiffs at the date thereof; and that said Jones knowingly aided and assisted them in said sale, conveyance, and transfer of their joint property, to secure it from their joint creditors and prevent its attachment and seizure on the execution of their joint creditors.

5. Because the third and fourth alleged fraudulent sales, conveyances, and transfers named in said declaration, are not of property of which said James F. Hirst is alleged to have had the legal title at the dates of said sales, conveyances, and transfers; but, on the contrary are of property of which other parties than James F. Hirst are alleged to have had the legal title at the dates of said conveyances, so that the same could not then, at the time of said last-named sales, conveyances, and transfers have been attached, seized, or taken on the execution of the creditors of James F. Hirst, as his property.

6. Because said declaration is otherwise bad in substance and bad in form.

The demurrer after joinder was overruled, *pro forma*, and the declaration adjudged good; whereupon the defendant alleged exceptions.

*W. P. Frye & John W. Cotton*, for the plaintiffs.

*S. & J. W. May*, for the defendant.

I. The declaration does not set out in proper form that the plaintiffs were the creditors of Hirst. No promise on the part of Hirst to the plaintiffs is alleged. The ground of the indebtedness is not set out. It is not enough to aver that a sum of money is due and unpaid. The particular transaction or promise out of which the indebtedness arose should be set out in order that the court may determine whether the facts thus alleged would establish the relation of creditor and debtor.

If the action were assumpsit, and the declaration simply averred

that certain sums of money were due from the debtor to the plaintiffs, without stating for what, it would be clearly bad. *Brown* v. *Webber*, 6 Cush. 560.

Although it is alleged that the money, "as mentioned in said orders," was due the plaintiffs, and unpaid from Hirst, on Jan. 23, 1869, and the first alleged fraudulent sale and transfer is laid "on or about" that day, the declaration does not aver that the plaintiffs were creditors of Hirst at the time of the first alleged fraudulent transfer, or either of them, and is therein defective. *Herrick* v. *Osborne*, 39 Maine, 231.

II. It does not appear that the bills of exchange drawn by Hirst on Libby, payable to his own order and indorsed and delivered by Hirst to the plaintiffs, were ever presented for acceptance or payment; whether accepted or paid; whether ever protested for non-acceptance on non-payment; or whether Hirst was notified that they looked to him for payment. No cause of action by plaintiffs against Hirst is set out, and hence no allegation that the plaintiffs were his creditors. *Rushton* v. *Aspinwall*, Douglass, 680; Chit. on Bills, 373.

The cause of action, plaintiffs against Hirst, should be as distinctly set out in this declaration as if they were prosecuting a suit directly against him thereon. *Herrick* v. *Osborne, ubi sup.; Thacher* v. *Jones*, 31 Maine, 528.

III. The declaration contains but one count, but embraces allegations of four several independent causes of action against Jones. If the several grounds were separately set out, the defendant might plead to some and demur to others. Now such right is taken away. Such defects are bad on special demurrer. Gould's Pl. c. 9, § 16. If the several alleged fraudulent conveyances would each, independent of the others, be sufficient to sustain the action, the declaration must be bad for duplicity. Gould's Pl. c. 4, § 99; *Patterson* v. *Wilkinson*, 55 Maine, 42.

IV. Hirst could have made no fraudulent sale and conveyance as against his creditors, of any land the legal title to which did not vest in him at the time. In *Spaulding* v. *Fisher*, 57 Maine, 411,

the declaration traced the debtor's interest in the house conveyed to Fisher. In case at bar there is nothing to show that Hirst ever invested anything in the Weymouth farm or brick mill, or that it could be attached or seized on execution as Hirst's. *Quimby* v. *Carter*, 20 Maine, 219; *Herrick* v. *Osborne, ubi sup.; Skowhegan Bank* v. *Cutler*, 49 Maine, 315.

A debtor who joins in a conveyance of land the legal title of which is vested in himself and another, cannot be charged with committing a fraud upon his creditors. But if otherwise, nothing beyond the debtor's interest could be held.

V. Involves same law substantially. Neither the third or fourth parcels of property, alleged as fraudulent conveyances, is alleged to be the property of which Hirst was ever seized or possessed, or which was ever liable to be attached and taken on execution at the suit of his creditor for satisfaction of his debts. *Herrick* v. *Osborne, supra.*

All objections to matters of substance are open whether assigned or not. Gould's Pl. c. 9, part I. § 20.

VI. Surviving partners cannot meddle with partnership property until they have filed the bond prescribed in R. S. c. 69, §§ 1 and 2.

Their power to sue in their capacity of surviving partners extends to nothing but assets of the firm. 1 Pars. on Cont. 173, note b.

Their qualification must affirmatively appear in the declaration. *Flower* v. *O'Conner*, 7 La. 194; *Connelly* v. *Cheevers*, 16 Curry (La.), 30.

When one describes himself as executor or administrator, he virtually says he has filed his bond. He would not be executor or administrator without this. Not so of a plaintiff who describes himself as surviving partner. The objection is open under demurrer; abatement to the disability of the plaintiffs not being necessary until they first allege and show themselves persons of ability to sue.

Similar statute in Louisiana. La. Code, Art. 1131 and 1132; *Crozier* v. *Hodge*, 3 La. 358.

The indebtedness to the firm was to them jointly. And the injury must be to the plaintiffs jointly, with the deceased partner's heirs or representatives, and they all must join in the action. 1 Chit. on Pl. 54 and 572.

The right of action does not accrue to surviving partners, as such, when the indebtedness is alleged to be to the firm, and the injury complained of is alleged to have been done after the dissolution to the surviving partners. Surviving partners' right of recovery is limited to assets of the firm. Here the tort occurred after the dissolution, and which, if done at all, must have been done jointly to all the joint owners of the alleged debt.

DANFORTH, J. This is an action upon § 47, c. 113, of R. S. of 1857, and comes before us upon special demurrer to the declaration.

The first objection is that it does not affirmatively appear that the plaintiffs were creditors of the alleged fraudulent grantor at the date of the several sales and conveyances complained of. This, if true, is a defect in the declaration. *Herrick* v. *Osborne*, 39 Maine, 231. The allegation is that " on the twenty-third day of January, 1869, said sums of money, as mentioned in said orders, were due said plaintiffs and unpaid . . . from the said James F. Hirst, which said sums and interest still remain justly due and unpaid to the said plaintiff surviving partners as aforesaid."

This seems to be a sufficiently distinct averment of the existence of the relation of debtor and creditor between the plaintiffs and said Hirst, on the twenty-third day of January, 1869, and that it continued from that time up to the date of the writ. But the first sale complained of is stated to have taken place " on or about " the twenty-third day of January. This averment would be proved by showing that the sale took place on the twenty-second, in which case it is very clear, the allegation of indebtedness does not cover that of the sale. But the declaration is further defective in this respect, in not setting out definitely when the several transfers did take place. One of the fundamental rules of pleading is that there

must be certainty as to time. "The day, month, and year when each traversable fact occurred" must appear. Stephen on Pl. 292; 1 Chit. on Pl. 257.

This must be done even where it is not material to prove the time as laid. The words "or about" take all certainty from the allegation and virtually leaves the declaration without any time. *State* v. *Baker*, 34 Maine, 52. Leaving out these words and the time of the conveyance would be definite, and correspond to the allegation of indebtedness.

As this defect may be amendable, it will be necessary to examine the other objections raised.

The second objection is, that it does not appear that the necessary steps were taken to fix the legal liability of Hirst upon the orders referred to.

Were this necessary, we see no objection to such an amendment as would supply the deficiency in this respect. Enough is set out to show the nature and ground of the debt. The orders given by Hirst are not only described in full, but the original transaction out of which they grew is set out. It is further alleged, " that said sums of money, as mentioned in said orders, are still due," etc. The addition of the necessary facts to render the drawee liable would in no respect change the nature or extent of the debt. But we think the claim against Hirst is sufficiently set out. This action is not against the party to the orders. It does not rest upon them or upon the merchandise sold as its basis, but upon the statute. The debt is a fact to be proved, and not the foundation of the action. If the orders were not a discharge of the original debt, then it is fully set out. If they were, then we have enough to show the origin, nature, and extent of the demand. In *Herrick* v. *Osborne*, 39 Maine, 231, there seems to have been only a simple declaration of indebtedness with the amount, and though a demurrer was filed, no objection appears to have been raised on that account. The statute gives the remedy to any creditor, and to render it available the plaintiff must prove the relationship of debtor and creditor, and so much he must allege, as in *Herrick* v. *Osborne*, but more than this we see no necessity for.

The third ground of demurrer is, that the declaration is bad for duplicity.

It is not quite accurate to say that two causes of action in one count render it double. Several items of account may be very properly embraced in one count, and yet each one of those items might be a good cause of action. So in the case of several trespasses upon the same lot of land. Stephen, in his work on Pleading, says the meaning of duplicity is, " that the declaration must not, in support of a single demand, allege several distinct matters, by any one of which that demand is sufficiently supported." Stephen on Pl. 242. See also, 1 Chit. on Pl. 226; *Dunning* v. *Owen*, 14 Mass. 163, 164; *Lord* v. *Tyler*, 14 Pick. 164; *Hooper* v. *Jellison*, 22 Pick. 250.

There can be but one demand to each cause of action, but as many matters or facts as are necessary to support that demand, not only may, but must be set out in one count.

In the case of an account annexed, or of trespass, but one demand is made. A demand, however, which can be fully supported only by the proof of each item or each trespass set out. A claim might be sustained by proof of a single item or a single trespass, but it would not be the same as that supported by the many. In the case at bar the demand is one. The plaintiffs ask redress for an injury to a single interest, their interest as the creditors of James F. Hirst. The amount demanded is double the value of, not one piece of property merely, not of property conveyed at any one time, but of all the property which the defendant has wrongfully aided the debtor in concealing or transferring to secure it from his creditors. To support this demand of the plaintiffs, they must prove all the conveyances they have alleged. Any one of them might support a different and less demand, but that which is claimed can be sustained only by proof of all. All these different conveyances are but different facts or matters which are the necessary elements of the demand claimed in the writ.

The fourth and fifth causes of demurrer are similar, and rest upon the fact that it does not appear that the legal title to the

property conveyed was in Hirst and liable to be taken on execution against him. The kind of property is stated so that it may be seen whether it is liable to seizure on execution, and it is also alleged to be the property of Hirst. This is sufficient and will be sustained by proof that it was liable to be taken for his debts by the proper legal process. Upon this point the case of *Spaulding* v. *Fisher*, 57 Maine, 411, is decisive.

This disposes of all the special causes of demurrer. But it is claimed that these plaintiffs, as surviving partners, cannot sustain this action, and the first objection is, that it does not appear that they have given the bond required by the R. S. c. 69, §§ 1 and 2. They have adopted the usual mode of declaring in such cases, and it is believed the only mode in which the action can be sustained. By the common law surviving partners are entitled to the possession of the partnership property, and must in their own names bring all actions necessary to its protection, and especially for the collection of debts due the firm.

Collyer on Partnership, 117, and cases cited. The statute referred to, R. S. c. 69, makes no change in the form of the action or the name in which it shall be brought. It may change the possession and control of the property, giving it to the representative of the deceased partner. But even then the action must, or certainly may be brought in the name of the survivor. Same c. § 4. The rights of the parties are the same whether the suit is prosecuted by the survivors or the representative. Therefore as the form of the declaration is the same whether they have or have not given bond, this question is not raised by the demurrer.

It is further claimed that the plaintiffs are but joint-owners of the debt against Hirst, with the representative of the deceased partner, and that in relation to it an action of tort cannot be sustained without joining all the owners. The principle of law invoked may be a correct one, but is not applicable to this case. The parties are but joint-owners of what property may be left after a settlement of the partnership affairs. But until that settlement is accomplished, it cannot be known whether there will be anything

left or whether all the property may not belong to the survivors. In any event, by the authorities already cited, it abundantly appears that the survivors are owners in trust or otherwise until the settlement, and whatever the law allows to be done for the purpose of settlement must be done by them as owners, or in their names, and for this they are legally the owners and entitled to all the rights and remedies of owners.

The final objection is, that the statute upon which this action is based does not afford a remedy in a case like the present. This objection is attempted to be sustained by reasoning similar to that on which the last is founded, and like that must fall. It must be remembered that this statute is a remedial one, to enable creditors to recover their debts. *Quimby* v. *Carter,* 20 Maine, 218.

The plaintiffs are seeking to recover a debt of which they are equitably if not legally the owners and sole representatives. They are the creditors, and it is to creditors that the remedy is given.

They come, therefore, within the letter as well as the spirit of the statute, and we can see no reason for giving a constrained construction of so wholesome a statute, for the purpose of relieving any one who may be amenable to such provisions as may arise from a fair interpretation of its language.

The result is, we find, no defect in the declaration except its indefinite allegations of time, and for this, the exceptions and demurrer must be sustained.

APPLETON, C. J.; KENT, WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.