THE PEOPLE OF THE STATE OF MICHIGAN v. THE GRAND RAPIDS & WALKER PLANK ROAD COMPANY.

*Pleading—Declaration in action for statutory penalty—Variance.*

Defendant was sued in justice's court in an action of debt for the penalty prescribed by How. Stat. § 3640, for collecting toll when its road was out of repair, and appealed to the circuit court, where the prosecuting attorney was allowed to amend the declaration ; which amended pleading was in the short statutory form authorized by How. Stat. § 8432, and referred to the statute under which the recovery was sought as "section three thousand six hundred and *forty-six* of said Howell's compilation."
    *Held*, that the *variance* was fatal.

───────────────

[1]See Act No. 272, Laws of 1887, amending section 2 of Act No. 237, Laws of 1881, by making provision for such cases.

Error to Kent. (Montgomery, J.) Argued October 20, 1886. Decided February 3, 1887.

Debt for statutory penalty. Defendant brings error. Reversed. The facts are stated in the opinion.

*Maher & Felker,* for appellant.

No appearance for plaintiff.

MORSE, J. The defendant in this case occupies and maintains a gravel road in the township of Walker, in the county of Kent, and leading into the city of Grand Rapids.

This action was commenced in justice's court, by filing the complaint of Noadiah C. Wright, which was as follows:

"*State of Michigan, County of Kent—ss.:* The complaint and examination on oath and in writing of Noadiah C. Wright, taken and made before me, Thompson Sinclair, a justice of the peace of the city of Grand Rapids, in said county, upon the twenty-sixth day of March, A. D. 1884, who, being duly sworn, says that heretofore, to wit, on the twenty-sixth day of March, A. D. 1884, at the township of Walker and in the county aforesaid, and for six days and more immediately prior thereto, the Grand Rapids & Walker Plank Road Company, a corporation organized under the laws of this State, did take, and still continues to take, toll for passing over the portion of their road which lies between sections 15 and 22 in the said township of Walker; and that during the whole of said time, and for a long time theretofore, said portion of said road was out of repair so as to make the passage of teams and vehicles inconvenient and dangerous. Wherefore he prays that said company be sued for the penalty provided by law in such case, and further dealt with in relation to the same as law and justice may require.

"NOADIAH C. WRIGHT."

"Taken, subscribed, and sworn to before me the day and year first above written.

"THOMPSON SINCLAIR,
"Justice of the Peace."

Summons was thereupon issued and served, and a trial

had. The plaintiff recovered, and defendant appealed to the Kent circuit court.

The pleadings in the justice's court were oral, and returned by the justice to the circuit as follows:

"The plaintiff declared in an action of debt for the penalty given by section 3640 of the Compiled Laws of 1882, for fifty dollars damages. The defendant pleaded verbally the general issue."

Upon the trial in the circuit, when the first witness was sworn, the defendant objected to any testimony being received under the declaration for the reason that it stated no cause of action. The circuit judge ruled that an amended declaration might be filed, and thereupon, against the objection and exception of defendant's counsel, the prosecuting attorney filed an amended declaration.

The defendant also objected to any evidence being given under the amended declaration, on the ground that it was not for a cause of action that was tried in the justice's court. The objection was overruled, and the trial proceeded.

As the printed record and the original bill of exceptions appear in this Court, the objection is well taken.

The declaration, as amended, alleges an indebtedness of $50, whereby an action has accrued—

"According to the provisions of section 55 of chapter 36 of Howell's Annotated Statutes of the year 1882, being compiler's section three thousand six hundred and *forty-six* of said Howell's compilation."

The penalty sued for in justice's court is found in section 45, *c.* 96, and compiler's section 3640. As the prosecuting attorney was only authorized to plead an indebtedness in this general way by referring to the section and chapter of the statute violated (How. Stat. § 8432), this variance is fatal. As the section and chapter mentioned in the amended declaration do not correspond with the compiler's section, and that section does not give a penalty of $50, it is probable that

there has been a mistake made in drafting the bill of exceptions. There was no appearance for the people on the argument in this Court, and we have therefore received no explanation, on the plaintiff's part, of this discrepancy. We can only act upon the record; and as it stands the judgment must be reversed, and a new trial granted.

There is also an evident mistake in the printed record and in the bill of exceptions filed in this Court, in the description of the road, which would become material. It is described as running west between sections 13 and 22, which is an impossibility, and also as running north-westerly through sections 13 and 10 and 2 and 4, which is another impossibility. The case must go back, as stated, as we have no power, after hearing, upon our own motion, to correct the errors contained in the record, if we were inclined to do so.

The other Justices concurred.