FISH, *qui tam,* etc., *v.* MANNING and others.

*(District Court, S. D. New York. May 19, 1887.)*

1. ACTIONS FOR PENALTIES—PATENTS—TIME OF STAMPING—DEMURRER.
    Upon statutory actions for penalties brought under section 4901 of the United States Revised Statutes, for stamping patented articles without consent of the patentees, etc., the pleader, in accordance with the state practice adopted by section 914, Rev. St. U. S., is not required to allege the stamping to have been on a precise day, as at common law; an averment that it was done "in or about June, 1886," is sufficient on demurrer.

2. SAME—STATUTE TO BE PLEADED WITH CERTAINTY.
    Under section 1897 of the New York Code of Procedure, the statute relied on, and the section thereof, must be referred to with certainty. It is insufficient to refer to different statutes, without specifying which.

3. SAME—PLEADING—ESSENTIAL FACTS—STATUTORY EXCEPTIONS.
    All the essential facts must be distinctly alleged. Exceptions forming a part of the statute constituting the offense should be negatived. In this case, *held,* on demurrer, necessary to allege (*a*) that the defendant had no patent; (*b*) that the stamped article contained the patented improvement; (*c*) that it was stamped without consent of the plaintiff's "assigns or representatives."

*John A. Wiedersheim & Co.,* for complainant.
*Stanley, Clarke & Smith,* for defendants.

BROWN, J. This action is brought to recover $100,000 penalties for the alleged offense of stamping certain patented articles made by the defendants without the patentee's consent, under section 4901 of the United States Revised Statutes. A demurrer to the complaint has been interposed on various grounds.

This offense is not made criminal by statute, although penal; and it is therefore to be distinguished, in some important respects, from the case cited of *Boyd* v. *U. S.,* 116 U. S. 634, 6 Sup. Ct. Rep. 524. The sufficiency of the complaint is to be determined according to the rules applicable to civil actions, and according to the state practice in similar or analogous actions at common law, and not according to the analogies of criminal procedure.

1. The objection that the *time* of stamping should be stated as upon a precise and definite day, instead of "in or about June, 1886," is overruled. Most of the cases cited in support of the demurrer on this point are cases of indictments. The few others that are not cases of indictments (*Platt* v. *Jones*, 59 Me. 232, 241; *Gilmore* v. *Mathews*, 67 Me. 517; *State* v. *O'Keefe*, 41 Vt. 691) should not be followed under the practice in this state; and particularly where the acts are peculiarly within the knowledge of the defendant, and cannot be exactly stated by the plaintiff. Under the state practice, which requires sworn pleadings, a precise statement should not be required of what cannot be known to the pleader, and which need not be proved as laid. Such a rule, applied here, would be a purely technical one. It was the object of the Code of Procedure to dispense altogether with such merely formal and technical averments. It is the essential facts only that are required.

2. In an action upon a penalty, the statute imposing it, and the section thereof, must be pleaded with certainty. Code, § 1897. See *Brown* v. *Pond*, 5 Fed. Rep. 31, 41; *Brown* v. *Church*, Id. 41. It is therefore improper and insufficient to refer to different statutes without specifying which is relied on. The common-law rule was the same. *Cross* v. *U. S.*, 1 Gall. 30, 31; *Sears* v. *U. S.*, Id. 257; *Jones* v. *Vanzandt*, 2 McLean, 630, and 5 How. 229; *Briscoe* v. *Hinman*, Deady, 588; *U. S.* v. *Babson*, 1 Ware, 452. This objection is therefore sustained.

3. Every essential fact to constitute a statutory offense must be distinctly alleged. *Ferrett* v. *Atwill*, 1 Blatchf. 151. Hence those conditions or qualifications which the statute itself makes exceptions in constituting the offense should be negatived by the pleader. This complaint is therefore defective in not alleging (*a*) that the defendant had no patent for the article stamped; (*b*) that the article stamped contained the patented improvement; (*c*) that the stamping was done without the consent of the plaintiff's "assigns or representatives."

4. Only one cause of action appears to be stated.

5. The averment that the sales were made for the purpose of deceiving the public is not pertinent to the plaintiff's cause of action, which is founded upon the stamping of *patented* articles, while that averment is pertinent to stamping *unpatented* articles only. But this objection is not available upon demurrer.

Upon the grounds above stated, the demurrer is sustained. The plaintiff has leave to amend within 20 days, on payment of the costs of the demurrer. Otherwise judgment to be entered for the defendant, with costs.