ANNA GREENBERG *vs.* THE UNION NAT'L BANK OF GRAND FORKS.

Opinion filed May 28th 1896.

**Mortgages—Refusal to Discharge—Recovery of Penalty.**

> When a party seeks to recover on statutory penalty, the statute which gives the penalty, and which alone is the source of the right to recover, must be specifically counted upon.

Appeal from District Court, Grand Forks County; *Templeton*, J.

Action by Anna Greenberg against the Union National Bank of Grand Forks. Verdict for plaintiff. From an order denying a new trial, defendant appeals.

Reversed.

*Cochrane & Feetham,* for appellant.

The object of the statute is not only to protect the credit of the mortgagor but to protect the title to the land and enable the owner to remove all clouds from the title. *Jones* v. *Fidelity Co.,* 63 N. W. Rep. 554; *Deeter* v. *Crosley,* 26 Ia. 180; *Thomas* v. *Reynolds,* 29 Kan. 309. In this case there were two mortgagors, hence. any claim for penalty is a joint claim in favor of the mortgagors and not an individual claim in favor of either. *Clyde* v. *Johnson,* 4 N. D. 97; *Colton* v. *Mott,* 15 Wend. 619; *Edwards* v. *Hill,* 11 Ill. 23. The right to sue for this penalty is solely and exclusively of legislative creation, and the remedy can only be pursued as the statute provides. *Matter of House Ave.,* 67 Barb. 350; *Dudley* v. *Mayhew,* 3 N. Y. 9; *Heiser* v. *Mayor,* 104 N. Y. 72; *Dickinson* v. *Van Wormer,* 39 Mich. 141; Southerland on St. Cr. § 399. The complaint does not disclose a cause of action in plaintiff. *Willard* v. *Comstock,* 58 Wis. 565, 17 N. W. Rep. 402; *Arzbacher* v. *Mayer,* 10 N. W. Rep. 440; *Rainer* v. *Smizer,* 28 Mo. 312; *Clark* v. *Cable,* 21 Mo. 223; *Slutts* v. *Chafee,* 4 N. W. Rep. 763; § 4879, Comp. Laws. And the point that the complaint does not state a cause of action is not waived by failure to demur. Section 4913, Comp. Laws; *Gould* v. *Glass,* 19 Barb. 186; *Nelson*

v. *Ladd*, 4 So. Dak. 4. Plaintiff does not count upon the statute for the penalty but asked relief in damages only, and no damages were proven. *Howser* v. *Melcher*, 40 Mich. 189; *Parker* v. *Haworth*, 18 Fed. Cases, 10,738; *Sears* v. *U. S.*, 21 Fed. Cases 12,592; *Cross* v. *U. S.*, 6 Fed. Cases, 3,434; *Reed* v. *Northfield*, 13 Pick. 99; *Smith* v. *U. S.*, 22 Fed. Cases, 13,122; *Jones* v. *Van Zandt*, 13 Fed. Cases, 7,502, 5 How. 229; *Fish* v. *Manning*, 31 Fed. Rep. 341; *Briscoe* v. *Hinman*, 4 Fed. Cases, 1887. The rule obtains through legislative enactment in Wiscon.in. *Teetshorn* v. *Hull*, 30 Wis. 162; *Crumbly* v. *Bardon*, 36 N. W. Rep. 19.

*J. H. Bosard*, for respondent.

The defendant could have raised the question of nonjoinder of parties, plaintiff by demurrer failing so to do, the point was waived. Sections 4909, 4912 and 4913, Comp. Laws; *Thompson* v. *Reynolds*, 29 Kan. 309; *Kucera* v. *Kucera*, 57 N. W. Rep. 47; *Hudson* v. *Archer*, 55 N. W. Rep. 1099; *Linden* v. *Green*, 46 N. W. Rep. 1108; *Neville* v. *Clifford*, 55 Wis. 151, 12 N. W. Rep. 419; *Day* v. *Cole*, 22 N. W. Rep. 811; *Smith* v. *Jordan*, 13 Minn. 264; *Fisher* v. *Hall*, 41 N. Y. 129; *Tanner* v. *Davis*, 28 N. Y. 242; *Treno* v. *R. R. Co.*, 50 Cal. 223; *Asterhondt* v. *County*, 98 N. Y. 239; *Stelling* v. *Grolbrowesky*, 19 N. Y. Supp. 280. The pleader must state a case that comes within the statute, when this is done no doubt can exist but that the complaint is framed under the statute. *Clarke* v. *Muskejon*, 50 N. W. Rep. 254; *Hayes* v. *City*, 51 N. W. Rep. 1067; *Chicago* v. *Porter*, 34 N. W. Rep. 286.

BARTHOLOMEW, J. Plaintiff sued defendant in Justice Court, and for a cause of action stated that, in 1892, plaintiff and her husband executed to the defendant a mortgage on certain described real estate to secure a certain note; that such mortgage was duly recorded in the proper county; that the said note had been fully paid; that plaintiff had demanded of defendant a certificate of the discharge of said mortgage, and offered to pay the expense of executing and acknowledging the same. Plaintiff further alleged "that the defendant has neglected and refused,

after the demand of the plaintiff, to satisfy said mortgage and discharge the same of record, whereby the plaintiff is damaged, to-wit: in the sum of one hundred dollars ($100.00.") The defendant's corporate capacity was also alleged, and judgment prayed for $100 and costs. The defendant answered, admitting the execution and delivery of the mortgage, and denying the payment of the note secured thereby. There was a jury trial, and verdict directed for plaintiff for $100. Motion for new trial was denied, and an appeal taken from such order. The errors assigned are: (1) The action of the court in directing a verdict for plaintiff; (2) the refusal of the court to direct a verdict for defendant; * * * (4) in overruling defendant's objection to receiving any evidence under the complaint, on the ground that it did not state facts sufficient to constitute a cause of action; and (5) in overruling defendant's motion for a new trial.

These assignments may be considered together. Section 4365, Comp. Laws, reads: "When any mortgage has been satisfied, the mortgagee of his assignee must, immediately on demand of the mortgagor, execute and deliver to him a certificate of the discharge thereof, and must, at the expense of the mortgagor, acknowledge the execution thereof so as to entitle it to be recorded, or he must enter satisfaction, or cause satisfaction of such mortgage to be entered of record; and any mortgagee, or assignee of such mortgage, who refuses to execute and deliver to the mortgagor the certificate of discharge, and to acknowledge the execution thereof, or to enter satisfaction or cause satisfaction to be entered of the mortgage, as provided in this chapter, is liable to the mortgagor or his grantee or heirs for all damages which he or they may sustain by reason of such refusal, and also forfeit to him or them the sum of one hundred dollars." Waiving all objections to the complaint by reason of defect of parties plaintiff, it might be regarded as sufficient to enable plaintiff to introduce evidence of damages. But no evidence of damages whatever was introduced or offered, and, when the testimony was closed, each party moved

for a directed verdict in his favor. Defendant's motion was overruled, and plaintiff's was granted. In this there was error. No damages whatever having been proven, no judgment for damages could stand. Hence, if plaintiff recovered anything, it must be the statutory penalty. But we are agreed that the complaint was insufficient, if it be regarded as a complaint for the statutory penalty, for the reason that the complaint did not count upon or in any manner mention the statute which alone gives the penalty. The rule which requires a pleader who seeks to recover a statutory penalty to count specifically upon the statute, while it may be technical, yet has so long been the law, and is so universally accepted, that we cannot disregard it. It is the settled rule in England. *Wells* v. *Iggulden*, 3 Barn. & C. 186; *Fife* v. *Bousfield*, 6 Q. B. 100, It is the uniform rule in the Federal Courts. *Briscoe* v. *Hinman*, Fed. Cas. No. 1,887; *Cross* v. *U. S.*, Fed. Cas. No. 3,434; *Jones* v. *Van Zandt*, 5 How. 229; *Parker* v. *Haworth*, Fed. Cas. No. 10,738; *Fish* v. *Manning*, 31 Fed. 341. And, to same effect, *Reed* v. *Northfield*, 13 Pick. 94; *Howser* v. *Melcher*, 40 Mich. 189; *People* v. *Road Co.*, 64 Mich. 618, 31 N. W. 546; *Kirkpatrick* v. *Stewart*, 19 Ark. 695. And so late an authority as 18 Am. and Eng. Enc. Law, p. 278, declares: "In an action upon a penalty, the statute imposing it, and the section thereof, must be pleaded with certainty." We find no authority to the contrary. It is the statutory rule in New York (*Fish* v. *Manning*, *supra*,) and also in Wisconsin (*Teetshorn* v. *Hull*, 30 Wis. 162;) and, since January 1, 1896, has been the statutory rule in this state (Rev. Codes, § 5787.) True, this case was tried before that law went into effect; but we deem these statutes simply declaratory of a common-law rule.

Learned counsel cite *Clark* v. *Village of North Muskegon*, 88 Mich. 308, 50 N. W. 254, and *Hayes* v. *City of West Bay*, 91 Mich. 418, 51 N. W. 1067; but these cases were brought to recover damages for negligence, and do not touch the question of penalty. The cases of *Routsong* v. *Railroad Co.*, 45 Mo. 236, *Reynolds* v. *Railroad Co.*, 85 Mo. 90, and *Emerson* v. *Railway Co.*, 111 Mo.

161, 19 S. W. 1113, are more nearly in point. They were actions brought to recover treble damages, under a statute giving that right in certain cases; and it was held unnecessary to count on the statute. But the Supreme Court of California, in speaking of statutes of that nature, said: "The statutes of this as well as those of other states present many instances in which no new right of action or remedies for private injuries are created, but the damages authorized to be recovered are by those statutes enhanced. * * * Those statutes, like the one under consideration, are not penal, but are remedial." *Jahns* v. *Nolting*, 29 Cal. 508. And see *McKay* v. *Woodle*, 6 Ired. 352; *Reed* v. *Northfield*, *supra*. It is clear, under the authorities, that the complaint in this case did not warrant a recovery of the penalty. The order appealed from is reversed, and a new trial ordered.

Reversed.

WALLIN, C. J., concurs. Corliss, J., did not sit at the hearing, or participate in the decision, of the case.