DAVID C. MONTGOMERY, Plaintiff in Error, *vs.* WM. McEWEN,
Defendant in Error.

ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

Under section 87 on page 543, of the Compiled Statutes, the Plaintiff may unite in the same
complaint several causes of action, some of a legal, and some of an equitable nature, provided
they all arise out of the "same transaction or transactions connected with the same subject of
action."

Points and Authorities of Plaintiff in Error.

I.—The statute expressly allows several causes of action to
be united when they arise out of the same transaction or when
they arise out of transactions connected with the same subject
of action.  See *chap.* 60, *sec.* 87, *p.* 543, *of Comp. Stat.*

II.—There is a cause of action set forth in the complaint
which invokes the equitable powers of the Court, to wit, the
removal of a cloud upon the Plaintiff's title,—it cannot be
reached by an action at law.  The District Court is mistaken.
when it says that the Plaintiff has a clear remedy at law.

III.—It is a well established rule in courts of equity that
if they have jurisdiction for any purpose they will retain the
bill for the purposes of complete justice and not drive the
party to another action in another court for a part of his
remedy.

IV.—The complaint shows that the Plaintiff is entitled to
a decree of a court of equity, removing the Defendant's mort-
gage from the record, and for a judgment at law for the bal-
ance of the purchase money : a court of equity, even if they
were separate tribunals in our State, would retain jurisdiction
and grant both reliefs here demanded.

Points and Authorities for Defendant in Error.

I.—There are two alleged causes of action improperly united in the complaint. The complaint sets forth two transactions as causes of action, to wit:

1. The making and delivery, June 30th, 1857, by the Defendant in Error of his note for $470 to Plaintiff in Error, in consideration for the Plaintiff in Error's bond to him to convey the land mentioned on the 1st of November, 1857. The Plaintiff demands judgment at law for the balance due on this note.

2. The making and delivery by Plaintiff in Error, in November, 1857, of his note for $200 to Defendant in Error with a mortgage to secure the payment of the same. The Plaintiff demands a decree in Equity, for a delivery up of this note and a release of the mortgage of record.

II.—Neither of these transactions constitute a cause of action in favor of the Plaintiff against the Defendant.

L. M. Brown, Counsel for Plaintiff in Error.

Henry Hinds, Counsel for Defendant in Error.

*By the Court*—Flandrau, J.—The complaint alleges that on or about the thirteenth day of June, 1857, the Plaintiff agreed with the Defendant to sell and convey to him by a good and sufficient conveyance to be made, executed, and delivered on or about the first day of November, 1857, upon the payment to the Plaintiff by the Defendant of the purchase money therefor, a certain piece of land. The agreement was by bond. That the Defendant executed and delivered to the Plaintiff his promissory note for $470, being a balance of the purchase money remaining unpaid, which note was made payable on or before the first day of November, 1857. That at the time of this agreement, there was a mortgage against the land to be conveyed by the Plaintiff, given to one Proctor, which the Plaintiff agreed to pay and discharge within a reasonable time after the Defendant had paid the purchase

Montgomery v. McEwen.

money. That when the note fell due it was not paid, but the Defendant offered to pay $200 and did pay that sum, but required security for the same against the Proctor mortgage, and an extension of time on the note. That the Plaintiff, to secure the Defendant for the $200 against the Proctor mortgage, gave him his note secured by mortgage on other real estate for that amount. The Plaintiff alleges that he has been ready and willing to fulfill all that was to be done by him, and has requested the Defendant to fulfill on his part, and pay the Plaintiff the balance due him, and to deliver to him the bond, the two hundred dollar note, and release and discharge the mortgage given to secure the same. He further alleges that he has procured a release of the Proctor mortgage, and has executed a deed of the land he agreed to convey to Defendant, both of which instruments are in Court ready for inspection and delivery as may be ordered. The judgment demanded is for the balance due on the purchase money, the delivery to the Plaintiff of the $200 note, and the discharge of the mortgage given to secure the same.

This complaint is demurred to as having two causes of action improperly united, one being a legal cause, and the other an equitable, and as not disclosing a good cause of action in either.

The demurrer was sustained by the Court below in the following words:

"The Plaintiff has a clear remedy at law for the cause of action set up in the complaint, and for that reason equity would not grant the specific relief asked in the complaint."

Our code allows the union of causes of action in the same complaint, under the following circumstances among others: (*Sec.* 87, *p.* 543, *Comp. Stat.*)

"The Plaintiff may unite several causes of action in the same complaint, whether legal or equitable, when they are included in either of the following classes:"

"1. The same transaction, or transactions, connected with the same subject of action."

We think that the whole statement of facts in the complaint constitutes but one transaction, which is the sale of land and the payment therefor. It is true that the parties departed from

their original plan, at the time of the payment of the $200 by the Defendant; but the change made in the mode of payment, and the security required by the Defendant against the Proctor mortgage did not change the character of the transaction, nor divide it into several transactions. The Plaintiff might have sued the Defendant at law on the $470 note, and given him credit for the payment of $200, which would have entitled the Plaintiff to a discharge of the mortgage he had given to secure the $200 note; but it would have left the mortgage of record and the note in the hands of the Defendant. The statute gives a mortgagor $100 damages for a refusal on the part of a mortgagee to discharge a mortgage of record, and also allows him to recover all actual damages he may sustain by reason of such refusal; (*Comp. Stats. p.* 401, *sec.* 39); but the mortgagor is also entitled to have the record cleared off, and to have his note delivered up for cancellation. This relief he can only obtain through a court of equity, and there is no good reason why he should be driven to two actions for relief which can as well be granted in one, unless the statute does not reach the case. The language of our statute is, that the "Plaintiff may unite several causes of action in the same complaint, whether *legal or equitable*," &c., and the counsel for the Defendant insists that the statute does not include a case where causes of action both legal and equitable are united, and cites the words used in the New York code to show that ours is more limited in its provisions than that. The language used in the New York code is, "legal or equitable or both." When the New York code was adopted, the systems of legal and equitable pleading and practice were blended, and the language employed throughout the work had reference to such an united system. On the other hand, when our statute was first adopted it did not mingle the two systems into one, but retained the court of chancery as a distinct tribunal. The law on the subject of uniting causes of action in the same complaint was directed solely to legal causes of action. *R. S.* 339, *sec.* 83. On the 5th of March, 1853, the court of chancery was abolished and the systems blended. *Laws of* 1853, *pp.* 3, 4 *and* 5. On the same day, by another act, the section concerning the union of causes of action in

the same complaint was amended so as to read as it does at present. *Laws of* 1853, *p.* 6. We think the language used was intended to allow the Plaintiff to litigate everything arising out of the "same transaction or transactions connected with the same subject of action," in one suit, and that, whether the relief sought may be partly legal and partly equitable, or wholly of the nature of one or the other. It is true the New York code has expressed it a little more fully and clearly than our Legislature has done, by using the words "legal or equitable, or both," but when the spirit and object of the code is considered, it is difficult to escape the conclusion that the words used in each case were intended to compass the same end. We think the words of our statute fairly include a case like the present.

The Defendant insists that neither the cause of action on the note for the recovery of the money, nor that for the discharge of the mortgage and the delivery of the note, taken separately, are sufficiently stated to entitle the Plaintiff to recover. The answer to this is, in our opinion, that the complaint, taken as a whole, discloses a state of facts that entitle the Plaintiff to recover the two hundred and seventy dollars due upon the Defendant's note, and also to have the two hundred dollar note delivered to him, and the mortgage discharged ; whether they are stated as two separate causes of action, each self-sustaining, is not necessary to the sufficiency of the complaint. They are so intimately blended, that it would be difficult to state either fully without showing both. The Plaintiff has performed everything that either contract imposed upon him. He has executed a conveyance of the land and has it ready for delivery, which entitles him to recover the balance of the purchase money due upon the $470 note. He has procured a release and discharge of the Proctor mortgage, which entitles him to a release and discharge of his $200 mortgage, because the consideration for the last named mortgage was to secure the Defendant against the Proctor mortgage. The Plaintiff had not an adequate remedy at law for the relief he was entitled to under the whole transaction. He might unite the whole transaction in one complaint, and

if it shows him entitled to relief of both a legal and equitable nature, he may have it.

The Defendant thinks the Plaintiff should have alleged that he was the owner of the land he agreed to sell, and also of the land upon which he gave the $200 mortgage. It was not necessary to the validity of the bond that the Plaintiff should have owned the land he agreed to convey at the execution of the bond. He might have acquired the title at any time before he was obliged to convey it, and the Defendant could not have complained. If the Plaintiff does not own it, the Defendant might defend on that ground, but he would have to set it up. As to the $200 note and mortgage, the Plaintiff has a right to the note, whether the land on which the mortgage was given was his or not.

The judgment must be reversed, and the case remanded. The Defendant may answer over if so advised within twenty days after service upon him of notice of this decision.