CHESTER R. SMITH and another *vs.* ALMON N. BARRINGER and another.

June 13, 1887.

**Real-Estate Brokers—Division of Commission — Evidence of Usage.**
Upon an issue in an action between two real-estate brokers as to whether there was an agreement between them to divide the commissions for a certain sale, evidence of a usage among real-estate brokers that two making a sale divide the commission equally, unless a different arrangement is made, is not admissible.

**Same—Action for Share — Refusal of Demand.**—Where, upon such an agreement, one of them received the commissions, taking (without consulting the other) a note payable to himself for part, and, on a demand by the other for his share, refused, not on the ground that he had received a note, and not money, but on the ground that the other was not entitled to such share, the other may bring an action for his share, without waiting for payment of the note.

Appeal by plaintiffs from an order of the district court for Ramsey county, *Simons,* J., presiding, granting a new trial, after a verdict for plaintiff.

*Samuel E. Hall,* for appellants.

*E. M. Card,* for respondents.

GILFILLAN, C. J. The complaint is on an alleged contract between plaintiffs and defendants, by which they were to act as partners in negotiating the sale of a certain piece of real estate, and to divide equally between them the commissions received for making· the sale. The commissions amounted to $1,500, and were received by the defendants; $500 in cash, and $1,000 in a note payable to one of the defendants. They paid to plaintiffs $300, (less some expenses,) and, on plaintiffs demanding the remainder of one-half the commissions, they not only refused to pay it, but denied the plaintiffs' right to any more than they had already paid to them. The answer denies the contract alleged in the complaint, and denies that plaintiffs did anything towards making the sale of the land. On the trial the plaintiffs were allowed, against defendants' objection, to give evidence that, at the

place where this transaction took place, there was, among real-estate brokers, a usage that, when two of them negotiate a sale of real estate, they divide the commissions equally, where no other arrangement is made between them. For error in admitting this evidence, the court below granted a new trial, and that action of the court was right.

Under the proposition that, where there is a fact in dispute on the testimony, any evidence tending to show that the testimony of one party is more reasonable than that of the other is admissible, this court has held that, where there is an oral contract, and the dispute is as to the price agreed on for the service or thing, evidence of the value is admissible,—*Kumler* v. *Ferguson*, 7 Minn. 351, (442;) *Schwerin* v. *De Graff*, 21 Minn. 354; *Miller* v. *Lamb*, 22 Minn. 43,—and that sort of evidence is barely admissible, and that only because we naturally expect of men, in their contracts of sale or hire, to fix the price with some reference to the value of the thing sold or hired. But the existence of such a usage as was proved could suggest no presumption that two brokers, acting together in the sale of real estate, either did or did not make any special arrangement for division of the commissions earned, nor furnish any clew to the terms of such an arrangement, if one was made.

It is argued that, even if erroneous, the evidence could not have been prejudicial. We think it might have had influence with the jury, and the court below, which could judge of that a great deal better than we can, so held.

It is claimed by defendants that the action was prematurely brought, and cannot be maintained, because the note which defendants took for so much of the commission as has not been divided with plaintiffs was not due and paid when the action was commenced. But the defendants, without consulting plaintiffs, took the note as so much cash, and had it made payable to one of themselves. It was the same as the receipt by them of that amount in cash, especially as their refusal to pay plaintiffs was not put on the ground that the defendants had not received the commissions, but on the ground that plaintiffs were not entitled to any more than they had received.

Order affirmed.