E. A. SHEETS v. W. B. PROSSER.

Opinion filed May 3, 1907.

**Action — Joinder of Causes — Claims Out of same Transaction.**

1. A cause of action for equitable relief from a forfeited mechanic's lien may be joined with a cause of action to recover the penalty imposed by the statute for failing to release the lien on demand.

**Quieting Title — Forfeited Mechanic's Lien.**

2. Equity will remove a cloud upon the title caused by the record of a mechanic's lien which has become forfeited by the lien claimant's failure to institute foreclosure proceedings upon demand, under section 4797, Rev. Codes 1899, (section 6246, Rev. Codes 1905.)

**Same — Conditions Precedent.**

3. Payment of the debt for which the lien was claimed will not be required as a condition to such relief

**Statutory Penalty — Pleading.**

4. In an action to recover a statutory penalty, the complaint must clearly indicate the statute by virtue of which the penalty is claimed.

**Mechanic's Lien — Penalty for Failure to Release on Demand — Costs of Release.**

5. In action to recover the penalty imposed by section 4799, Rev. Codes 1899, for failure to discharge mechanic's lien of record, the complaint must state that the release which the lien claimant was notified to execute could have been executed by him without expense.

**Same — Pleading.**

6. A recital of the contents of a written notice, which the complaint alleges was served, is not equivalent to a direct allegation that the facts were as stated in such notice.

Appeal from District Court, Nelson County; FISK, J.

Action by A. E. Sheets against W. B. Prosser. From an order overruling a demurrer to the complaint, defendant appeals.

Modified.

*Frich & Kelley,* for appellant.

Uniting action to quiet title with one for a forfeiture is a misjoinder. Rev. Codes 1905, section 6877; Jasper v. Hazen, 2 N. D. 401, 51 N. W. 583, 23 L. R. A. 58.

Where plaintiff's bill to quiet title shows a valid interest in the defendant it is demurrable. 17 Enc. Pl. & Pr. 336. Sub. Div. 5, Id. 340.

Failure to foreclose a lien upon demand to do so, destroys not the lien, but the remedy; and when seeking to quiet title against the lien, plaintiff's bill must show offer to do equity or it is demurrable. 16 Cyc. 140 (M), note 64; Id. p. 141; Walsh v. Braman, 43 N. E. 597; Railway Co. v. Gurley, 47 S. W. 513.

One seeking to recover a penalty or forfeiture, must count upon the statute affording it. Rev. Codes 1905, section 7396; Greenberg v. Union Natl. Bank, 5 N. D. 483, 67 N. W. 597; Erickson v. Citizens Natl. Bank, 9 N. D. 83, 81 N. W. 46; 18 Am. & Eng. Enc. Law (1st Ed.), 278.

Failure of one demanding satisfaction of lien to provide for cost destroys his claim. Dunkin v. Mutual Ben. L. Ins. Co., 63 Mo. App. 257.

Complaints in such cases are construed with the strictness applied to indictments. Prigmore v. Thompson, 1 Minor 420; Levy v. Cohen, N. Y. S. 912; State v. Williams, 8 Tex. 255; Ferrett v. Atwell, 1 Blatch. 151; People v. Ins. Co., 72 Ill. App. 569.

*Scott Rex,* for respondent.

The actions to quiet title and to recover the statutory penalty "arise out of the same transaction" and are properly joined. Sec. 6877, Rev. Codes 1905; Bush v. Froelick, 66 N. W. 939; Tripp v. City of Yankton, 74 N. W. 447; Pomeroy Remedies 463, 475; Sternberger v. McGovern, 56 N. Y. 12; First Div. St. P. & P. R. Co. v. Rice, 25 Minn. 278; Gertler v. Linscott, 26 Minn. 82; Humphrey v. Merriam, 37 Minn. 502.

Failure to foreclose lien upon demand forfeits it. Jones & McGee Lumber Co. v. Boggs, 19 N. W. 678.

SPALDING, J. The plaintiff seeks in this case to recover upon two causes of action. He first alleges that defendant filed a mechanics lien upon certain real property of which he is the owner in Lakota, Nelson county, N. D.; that on the 13th day of June, 1904, he served

defendant personally with a notice and demand in writing, under and pursuant to provisions of section 4797, Rev. Codes N. D. 1899, whereby defendant was notified and required to commence suit to foreclose his lien; that defendant wholly failed to commence such suit within 30 days after service of such notice, or at all; and that plaintiff's title to such real estate is clouded thereby. For his second cause of action he realleges that the allegations of the first cause, and then asserts that, more than 30 days after the service of the notice and demand that suit be commenced to forecose defendant's lien, he caused to be served on defendant, on the 1st day of February, 1905, a notice and demand in writing requiring defendant, at plaintiff's cost and expense, to discharge such lien of record within 10 days, and the failure of defendant to discharge his lien. Copies of the notices referred to are attached to the complaint. Plaintiff demands the judgment and decree of the court, first, canceling and discharging defendant's mechanic's lien and removing the cloud caused thereby on plaintiff's property; second, that he recover of defendant the sum of $100. The defendant demurred to the plaintiff's complaint as a whole because several causes of action were improperly united therein, and to each of the causes of action because neither stated facts sufficient to constitute a cause of action. The demurrer was argued in the district court and overruled, and defendant given 20 days in which to answer. He did not answer, but appealed from the order overruling his demurrer.

Section 5291, Rev. Codes 1899, provides that "the plaintiff may unite in the same complaint several causes of action, whether they are such as have been heretofore denominated legal or equitable, or both, when they arise out of (1) the same transaction, or transactions connected with the same subject of action, * * * but the causes of action so united must all belong to one of these classes * * * and must be separately stated." Section 4797, Rev. Codes 1899, requires the holder of a mechanic's lien to commence suit to foreclose within 30 days after demand of the owner that he do so, and provides in case of failure that "the lien shall be forfeited." Section 4799 provides that, when more than 30 days have elapsed since service of demand to commence suit without the commencement of an action to enforce the lien, the holder thereof shall, upon demand and upon payment of the expenses thereof, discharge the same either on the proper book or in the same manner as

the satisfaction of a mortgage, and in case of neglect to do so for 10 days shall forfeit $100 to the person entitled to such discharge, etc.

While there has been much written in attempts to settle what causes of action may be united under the code, it still seems left to determine the application of the statute upon the facts of each case, and it appears to us that the transaction or transactions in this case were the demand and notice by plaintiff and failure by the defendant, that the failure of defendant to release the lien constitutes both causes of action, and that both causes of action proceed from the same wrongs. Bush v. Froelick, 8 S. D. 353, 66 N. W. 939; Tripp v. Yankton, 10 S. D. 516, 74 N. W. 447; Montgomery v. McEwen, 7 Minn. 351 (Gil. 276); First Div. v. Rice, 25 Minn. 278; Humphrey v. Merriam, 37 Minn. 502, 35 N. W. 365; Pomeroy's Remedies, sections 463-475; Sternberger et al. v. McGovern, 56 N. Y. 12. In Montgomery v. McEwen, 7 Minn. 351 (Gil. 276), it was held that a cause of action for recovery of the amount due on a note given by the defendant to the plaintiff was properly joined in the same complaint with an equitable claim for delivering up and cancellation of a note and mortgage given by plaintiff to defendant, and that both causes of action grew out of and constituted parts of one entire transaction. We think the two causes of action were properly joined.

The defendant argues, on the demurrer as applied to the first cause of action, that the plaintiff in his complaint has shown a valid interest in the defendant in the property concerned, and that therefore he cannot maintain an action to remove the cloud. The fallacy in this is that this is not what the plaintiff shows. He shows that, while defendant may at one time have possessed a valid lien, by failure to commence an action to foreclose he has forfeited such lien. What does the statute mean when it says that in such event "the lien shall be forfeited?" In plain English the word "forfeit" means to lose, and this is its legal meaning in this connection. Something lost is gone, not now possessed, and this forfeiture is self-executing. The lien ceased to exist by reason of the neglect or failure of defendant to foreclose it. However, the record evidence still remained, and constituted a cloud, and some proceedings became necessary to make the record show that there was no longer such lien against defendant's property. Defendant argues that there is an analogy between this case and one brought to quiet title by

a mortgagor on account of an unpaid mortgage barred by the statute of limitations, when the mortgagor brings an action to quiet title, and the courts hold that he must pay the debt before he can maintain the action. We perceive no similarity. In that case the mortgage still exists. The law raises a presumption of payment, which the defendant may take advantage of by answer. Here, as we have shown, the lien no longer exists, but has gone, as completely as though paid in full. To deny relief from the void statement of what once was a lien, still on the records would be to treat as a valid lien that which the statute declares to be a nullity. We therefore think the first cause of action as stated in the complaint is good.

The demurrer to the second cause of action should have been sustained. If this was intended as a cause of action for the recovery of damages, there is no allegation that any damages were suffered. If, however, it is an attempt, as it appears to be, to recover the penalty imposed by section 4799, Rev. Codes 1899, the statute is not pleaded. An express averment that a recovery of the statutory penalty is sought is necessary. This court has so held in Greenberg v. Bank, 5 N. D. 483, 67 N. W. 597, and in Erickson v. Bank, 9 N. D. 86, 81 N. W. 46. In the first of the above cases Judge Bartholomew says that "this rule has so long been the law and is so universally accepted that we cannot disregard it." Section 7396, Rev. Codes 1905 (section 5787 Rev. Codes 1899), provides that in actions to recover forfeitures and penalties "it shall be sufficient to allege in the complaint that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed according to the provisions of the statute which imposes it, specifying the section and chapter containing such statute." This is a relaxation of the ancient rule, which required the full statute to be set out in the pleading; but this complaint fails to refer to the statute even by section and chapter, which it should at least do.

There is yet another reason why the demurrer to this cause of action is good. As a condition precedent to the right to recover the penalty, section 4797, quoted above, requires the payment of the expenses for the discharge. The complaint contains no allegation of such payment, or of any equivalent act. The assertion that the demand required defendant to execute a release of the lien at the cost and expense of plaintiff does not comply with the requirements of the statute, and does not amount to an allegation that such cost and expense had been paid or provided for.

The cause will be remanded, with directions to vacate the order appealed from and enter a new order in conformity with this opinion. The appellant will recover his taxable costs on this appeal. All concur.

FISK, J., being disqualified in this case, Judge TEMPLETON, of the First judicial district, sat by request.

MORGAN, C. J. (dissenting in part). I concur in the result, but I do not agree with the conclusion on the first ground of demurrer to the second cause of action that the Greenburg case, 5 N. D. 483, 67 N. W. 597, controls this case. In this case the complaint, construed in connection with the exhibits attached to and made a part of the complaint, states that the plaintiff seeks to recover $100, "the penalty provided by law," on account of the failure of the defendant to discharge the lien after having been required to do so after compliance by the plaintiff with all the statutory requirements necessary to be performed before the defendant can be made liable for the penalty. The facts are, therefore, not the same as in the Greenburg case. All the facts essential to a statement of a cause of action for the recovery of the penalty are stated. The mere failure to specify what section of the statute the penalty is claimed under is not material in view of the allegations of the complaint and exhibit attached, that $100 is claimed "as the penalty provided by law" for the refusal to discharge the lien. There is but one section of the code that provides for that penalty. The complaint is not framed under section 4799, Rev. Codes 1899, but states all the facts constituting the cause of action. It is not incumbent upon a pleader to state his cause of action under that section. That section provides for a statement in short form by counting upon it, but if the pleader states all the facts, giving rise to his cause of action for the recovery of the penalty, a cause of action is stated.