Filed 2/16/17 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2017 ND 31

Rick Snider and Janan Snider 

d/b/a RJ Snider Construction, Plaintiffs and Appellants

v.

Granville “Beaver” Brinkman, Defendant

and

Dickinson Elks Building, LLC, Defendant and Appellee

No. 20160145

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Surrogate Judge.

Sean T. Foss, 720 Main Avenue South, Fargo, N.D. 58103, for plaintiffs and appellants.

Christopher J. Thompson, 2700 12th Avenue South, Suite A, Fargo, N.D. 58103, for defendant and appellee.

Snider v. Dickinson Elks Building

No. 20160145

Sandstrom, Surrogate Judge.

[¶1] Rick Snider and Janan Snider, doing business as RJ Snider Construction (“Snider”), appeal from a summary judgment forfeiting a construction lien against the property that formerly housed the Dickinson Elks Lodge but is now owned by private investors, the Dickinson Elks Building, LLC (“DEB”), and prohibiting Snider from recording additional liens against the property without performing additional work.  We affirm.

I

[¶2] In December 2011, Snider contracted with Beaver Brinkman to perform work on real property owned by DEB.  Snider recorded a construction lien in January 2013 for $198,255.08 against the property after it did not get paid for all of its work performed between December 2011 and October 2012.  In May 2014, DEB served Snider with a demand under N.D.C.C. § 35-27-25 to begin a lawsuit to enforce the lien and record a lis pendens within thirty days of the demand. Snider sued DEB in June 2014, seeking foreclosure of the construction lien.  Snider recorded a notice of lis pendens on July 28, 2014.

[¶3] DEB moved for summary judgment, arguing Snider did not have a valid construction lien because Snider did not record a lis pendens within thirty days of receiving the demand to enforce the lien.  The district court granted the motion and entered a judgment forfeiting Snider’s construction lien because Snider did not record a lis pendens within thirty days of receiving DEB’s demand to enforce the lien as required under N.D.C.C. § 35-27-25.

[¶4] In February 2015, two days after the district court entered judgment forfeiting Snider’s construction lien, Snider recorded another construction lien for $174,642.09 against DEB’s property for work performed between March 2012 and November 2012.  After Snider sued to enforce the lien, DEB moved for summary judgment, arguing the district court’s previous forfeiture of Snider’s lien prevented Snider from recording another lien pertaining to the same work performed on the property.  The court granted the motion, concluding that although the lien amounts differed, both of Snider’s recorded liens were related to the same work performed on DEB’s property.  The court also concluded its earlier forfeiture of Snider’s lien under N.D.C.C. § 35-27-25 prohibited Snider from recording another lien for the same work.

[¶5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Snider’s appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶6] Snider argues the district court erred in granting summary judgment to DEB.  Snider argues a lien claimant whose construction lien is forfeited under N.D.C.C. § 35-27-25 can record another construction lien for the same work performed.

[¶7] The standard of review for summary judgment is well-established:

Summary judgment under N.D.R.Civ.P. 56(c) is a procedural device for the prompt and expeditious disposition of a lawsuit without a trial if either litigant is entitled to judgment as a matter of law and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes will not alter the result.  Whether a district court properly granted summary judgment is a question of law that we review de novo on the record.

Nichols v. Goughnour
, 2012 ND 178, ¶ 9, 820 N.W.2d 740 (citations and quotations omitted).  Here neither party argues disputed issues of material fact exist.  Snider’s arguments involve the interpretation of N.D.C.C. § 35-27-25, relating to enforcement of  a construction lien.

III

[¶8] Snider argues the district court erred in its interpretation of N.D.C.C. § 35-27-25.

[¶9] Statutory interpretation is a question of law fully reviewable on appeal.  
Kittleson v. Grynberg Petroleum Co.
, 2016 ND 44, ¶ 22, 876 N.W.2d 443.  Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears.  N.D.C.C. § 1-02-02.  The language of a statute must be interpreted in context and according to the rules of grammar. N.D.C.C. § 1-02-03.  Technical words having acquired a “peculiar and appropriate meaning in law . . . must be construed according to such peculiar and appropriate meaning or definition.”  
Id.
  It is presumed that the entire statute is intended to be effective, so that no part of the statute is rendered inoperative or superfluous.  N.D.C.C. § 1-02-38(2) and (4).  We presume the legislature did not intend an unreasonable result or unjust consequences.  N.D.C.C. § 1-02-38(3).

[¶10] Under N.D.C.C. § 35-27-02, “[a]ny person that improves real estate . . . has a lien upon the improvement and upon the land on which the improvement is situated . . . for the price or value of such contribution.”  A construction lien attaches and takes effect “from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement.”  N.D.C.C. § 35-27-03.  Recording a lien statement “describing the property and stating the amount due, the dates of the first and last contribution, and the person with which the claimant contracted” with the county recorder perfects the lien as against third parties.  N.D.C.C. § 35-27-13.  A lien may not be recorded “more than three years after the date of the first item of material is furnished.”  N.D.C.C. § 35-27-14.  Under N.D.C.C. ch. 35-27, a construction lien is not created upon perfection, it arises and attaches as a matter of law when work begins on the property.  
See
 N.D.C.C. §§ 35-27-02 and 35-27-03.

[¶11] Section 35-27-25, N.D.C.C., provides:

Upon written demand by or on behalf of the owner which has been delivered to the lienor and filed with the county recorder, suit must be commenced and filed and a lis pendens as provided in chapter 28-05 must be recorded within thirty days after the date of delivery of the demand or the lien is forfeited.  This thirty-day requirement applies regardless of the method of delivery and additional time may not be allowed based on the method of delivery.  The demand must inform the lienor that if suit is not commenced and a lis pendens recorded within the thirty days required under this section, the lien is forfeited.  A lien is not valid, effective, nor enforceable, unless the lienor commences an action and records with the county recorder a lis pendens within three years after the date of recording of the lien.  If a lis pendens is not recorded within the limitations provided by this section, the lien is deemed satisfied.

[¶12] Snider argues the lien referred to in the phrase “the lien is forfeited” is the recorded lien under N.D.C.C. § 35-27-13, and not the lien created and attached as a matter of law under N.D.C.C. §§ 35-27-02 and 35-27-03.  Snider argues the district court forfeited its recorded lien under N.D.C.C. § 35-27-25 for failing to comply with DEB’s written demand to enforce the lien.  Snider argues N.D.C.C. § 35-27-25 did not prohibit it from recording another construction lien against the property.

[¶13] The district court addressed Snider’s arguments:

The Court interprets the language of N.D.C.C. § 35-27-25 to mean that the right to a lien on property or improvements, for construction services performed and materials provided, is forfeited and deemed satisfied, if the lienor fails to commence an action and file a lis pendens within 30 days of receiving a demand from the property owner. According to N.D.C.C. § 35-27-02 and N.D.C.C. § 35-27-03, a person who performs improvement work on property has a lien on the property and improvement that attaches from the time the first materials or labor are provided.  However, a person can perfect the lien, in order to put the world on notice of the existence of the lien and establish the priority of his interest in the property, by recording the lien, as described by N.D.C.C. § 35-27-13.  However, the Court is not convinced that perfecting the lien amounts to creating the lien, as argued by the Sniders.  As such, the Court concludes that when a Court declares a lien is deemed forfeited or satisfied, the right to the lien for the construction services or materials provided is deemed forfeited, not just the document recording the lien and establishing its priority.

[¶14] Snider argues a recorded lien is forfeited for failure to comply with an owner’s written demand to enforce the lien within thirty days.  Snider argues the lien created and attached as a matter of law under N.D.C.C. §§ 35-27-02 and 35-27-03 remains in effect and is deemed satisfied if a lienholder fails to start a foreclosure action and record a lis pendens within three years after the date of recording the initial lien.  Snider seems to argue the statute’s “forfeiture” language refers to recorded liens and the “deemed satisfied” language refers to the initial lien created as a matter of law.

[¶15] Statutes governing construction liens, formerly known as mechanic’s liens, have existed since statehood.  
See
 
Comstock Constr., Inc. v. Sheyenne Disposal, Inc.
, 2002 ND 141, ¶ 26, 651 N.W.2d 656 (“Section 35-27-25, N.D.C.C., can be traced back to 1887 Compiled Laws of the Territory of Dakota § 5482.”).  Section 4797 of the 1899 Revised Code stated, “Upon the written demand of the owner, his agent or contractor, served on the person holding the lien, requiring him to commence suit to enforce such lien, such suit shall be commenced within thirty days thereafter . . . or the lien shall be forfeited.”  The language of 1899 R.C. § 4797 closely resembles the language of N.D.C.C. § 35-27-25 regarding an owner’s demand to enforce the lien.  Under both statutes a lien is forfeited for failure to comply with an owner’s demand within thirty days.  In 
Sheets v. Prosser
, 16 N.D. 180, 183-84, 112 N.W. 72, 73 (N.D. 1907), this Court discussed forfeiture of a mechanic’s lien for failure to comply with an owner’s demand:

What does the statute mean when it says that in such event “the lien shall be forfeited”?  In plain English the word “forfeit” means to lose, and this is its legal meaning in this connection.  Something lost is gone, not now possessed, and this forfeiture is self-executing.  The lien ceased to exist by reason of the neglect or failure of defendant to foreclose it. . . . [T]he lien no longer exists, but has gone, as completely as though paid in full.

[¶16] The phrase “deemed satisfied” was not included in earlier versions of N.D.C.C. § 35-27-25.  The legislature added “deemed satisfied” to the statute in 1981.  
See
 1981 N.D. Sess. Laws ch. 361, § 5.  “Satisfaction of lien” is defined as “[t]he fulfillment of all obligations made the subject of a lien.”  
Black’s Law Dictionary 
1544 (10th ed. 2014).  “Deem” means “[t]o treat (something) as if (1) it were really something else, or (2) it has qualities that it does not have.”  
Id.
 at 504.  “‘Deem’ has been traditionally considered to be a useful word when it is necessary to establish a legal fiction either positively by ‘deeming’ something to be what it is not or negatively by ‘deeming’ something not to be what it is.”   “‘Deeming’ creates an artificiality.”  
Id.
 (quoting G.C. Thornton, 
Legislative Drafting
 99 (4th ed. 1996)).  Under the legal definition, if a lien is “deemed satisfied,” it is treated as if all obligations underlying the lien have been fulfilled, regardless of whether those obligations have in fact been fulfilled.

[¶17] Snider’s argument regarding the words “forfeited” and “deemed satisfied” hinges on those words having different meanings.  Using different words in a statute may suggest the words have different meanings.  
See
 
Ali v. North Dakota Workers Comp. Bureau
, 1998 ND 146, ¶ 12, 583 N.W.2d 115 (different meanings for the different words used, “examination” and “treatment,” under workers compensation statute).  Scalia and Garner, in their book on statutory interpretation, say, “A word or phrase is presumed to bear the same meaning throughout a text; a material variation in terms suggests a variation in meaning.”  Antonin Scalia & Bryan A. Garner, 
Reading the Law: The Interpretation of Legal Texts
 170 (2012).  But they make clear that this is a guide, not an absolute rule.  
Id.
  The Century Code formalizes only a part of the canon that does not control here, “Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears.”  N.D.C.C. § 1-01-09.  The general canon as a guide does not control here because this Court, in 
Sheets
, 16 N.D. at 183-84, 112 N.W. at 73, has already held that “forfeited” means the same as “deemed satisfied.”  Whether it is “forfeited” or “deemed satisfied,” a construction lien is treated as if all obligations or debt underlying the lien have been fulfilled.  That treatment leads us to conclude the lien created and attached as a matter of law under N.D.C.C. §§ 35-27-02 and 35-27-03 is extinguished and ceases to exist.

[¶18] Section 35-27-25, N.D.C.C., concludes with:

A lien is not valid, effective, nor enforceable, unless the lienor commences an action and records with the county recorder a lis pendens within three years after the date of recording of the lien.  If a lis pendens is not recorded within the limitations provided by this section, the lien is deemed satisfied.

[¶19] Snider argues the limitations period mentioned in the final sentence refers to the three-year limit for recording a lis pendens discussed in the preceding sentence.  Snider argues the thirty-day period relating to the owner’s written demand is not included within the “limitations provided by this section.”  Snider claims the statute’s forfeiture language becomes meaningless because there is no need to provide the lien is both “forfeited” and “deemed satisfied.”  Snider’s limitations argument is related to its argument regarding the statute’s “forfeited” and “deemed satisfied” language.  Because we conclude “forfeited” and “deemed satisfied” have the same meaning under N.D.C.C. § 35-27-25, Snider’s argument lacks merit.

[¶20] The plain language of N.D.C.C. § 35-27-25 provides two limitations periods for enforcing a construction lien.  If a property owner delivers a written demand to enforce the lien, a lienholder must begin a foreclosure action and record a lis pendens within thirty days.  If no written demand is served, a lienholder has three years from the date of recording the lien to begin an action and record a lis pendens.  An owner’s written demand to enforce the lien shortens the statute of limitations and provides finality to the owner.  
See
 
Comstock Constr., Inc.
, 2002 ND 141, ¶ 25, 651 N.W.2d 656 (stating an owner’s written demand “under N.D.C.C. § 35-27-25 will ordinarily shorten the statute of limitations for commencing and filing an action to enforce a [construction] lien”).  Failure to comply with either limitations period results in termination of the lien.

[¶21] Snider argues a lienholder may record additional liens after forfeiture of an earlier lien for failing to comply with an owner’s written demand so long as the liens are recorded within three years of beginning work on the property.  Snider argues the lien created as a matter of law remains in effect for up to three years after recording the initial lien.  Snider’s interpretation renders the statute’s language relating to an owner’s written demand meaningless and leads to an absurd result.  
See
 N.D.C.C. §§ 1-02-38(2) and (3) (it is presumed the entire statute is intended to be effective and a just and reasonable result is intended).  Under Snider’s interpretation, a contractor could record its initial lien against the property, ignore an owner’s written demand to enforce the lien, and record additional liens against the property for up to three years after recording the initial lien.  An owner would have no incentive to demand enforcement if a contractor can ignore it without consequence.

[¶22] We conclude the district court correctly interpreted N.D.C.C. § 35-27-25 in concluding the statute barred Snider from recording another construction lien against DEB’s property for the same work.  The court correctly concluded Snider forfeited its construction lien created and attached as a matter of law under N.D.C.C. §§ 35-27-02 and 35-27-03 when it failed to comply with DEB’s demand to enforce the lien.

IV

[¶23] We have considered Snider’s remaining arguments and conclude they are either unnecessary to our decision or without merit.  We affirm the judgment.

[¶24] Dale V. Sandstrom, S.J.

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

[¶25] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision.  Surrogate Judge Dale V. Sandstrom, sitting.